RACHEL A. PLATT, APPELLANT, *v.* THE FORTY–SECOND
STREET AND GRAND STREET FERRY RAILROAD
COMPANY, RESPONDENT.

*Negligence — when contributory — Relation of carrier and passenger — when
terminated.*

A car belonging to the defendant, in which the plaintiff was a passenger, having
arrived at the end of its route, stopped; and plaintiff, having stepped from the
car at the end to which the horses were attached, proceeded toward the side-
walk.   When she left the car, the horses were still attached to it.   When the
plaintiff was about six or eight feet from the car, she was struck on the right
shoulder by one of the defendant's horses, while they were being driven to the
other end of the car.   In an action brought by her to recover damages for the
injuries sustained by her, *held*, that at the time the accident occurred, the plain-
tiff had ceased to be a passenger; that the liability of the defendant, if any,
resulted not from the fact that it was a common-carrier, but depended upon
principles that apply to all persons lawfully using the highway; and that the
fact that the plaintiff, in leaving the car at that end, had violated a regulation
of the company, could not be considered as proximately contributing to the
accident, nor relieve the defendant from such care as all persons lawfully using
a public highway are bound to take, to avoid injury to others also lawfully
using the same.

APPEAL from a judgment in favor of the defendant, entered upon
the report of a referee.

* 16 N. Y., 489.

On the 15th of August, 1871, the plaintiff entered the defendant's car at the corner of Eighth avenue and Thirty-fourth street, in the city of New York; was received as a passenger on such car, and carried to the foot of Grand street. After the car had stopped, and before the horses had been detached, the plaintiff left the car by the front platform, and, while proceeding in a diagonal course toward the sidewalk, was struck on the right shoulder by one of the defendant's horses, while they were being driven to the other end of the car.

The referee found that the horse struck the plaintiff through negligence on the part of the defendant, but that the plaintiff was guilty of negligence which contributed to the accident; and, therefore, ordered judgment for the defendant.

*Oscar Frisbie*, for the appellant.

*Moses Ely*, for the respondent.

TALCOTT, J.:

In this case, the referee, in coming to the conclusion that the plaintiff was guilty of such contributory negligence as prevented her recovery, seems to have based this finding wholly upon the fact that she had previously left the car of the defendant, in which she had been a passenger, by the front, instead of the rear platform, contrary to the regulation of the company. We do not think this circumstance at all conclusive. If the defendant could only be liable on the ground that the plaintiff was a passenger in its car, perhaps the violation of the regulation might have been conclusive evidence of negligence on the part of the plaintiff.

But we do not think that the liability of the defendant, necessarily must result entirely from the circumstance that the plaintiff had been a passenger on the car of the defendant.

At the time when the accident occurred, the plantiff had ceased to be a passenger on the car of the defendant. She was lawfully in the public highway, as were also the horses of the defendant, and we think the liability of the defendant, if liable, results not from the fact that it was a common-carrier, but depends upon principles that apply to all persons lawfully using the highway; and

we do not see how the fact, that the plaintiff had been a passenger on board the defendant's car, and, in leaving the same, had been guilty of a violation of the regulation, can be considered as proximately contributory to the accident, or could relieve the defendant from such care as all persons, lawfully using a public highway, are bound to take, to avoid injury to others, also lawfully using the same highway.

Upon the ground, therefore, that the referee seems to have based his decision solely upon the idea that the defendant owed no duty of care to avoid 'negligence by which the plaintiff was injured, except that which was founded upon the relation of carrier and passenger, we must reverse the judgment.

Judgment reversed, and new trial ordered at the circuit, costs to abide the event.

Present—BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment reversed, and new trial ordered, costs to abide the event.